**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1685-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STEPHEN D. WOOD,

     Defendant-Appellant.

_____

Submitted September 27, 2018 – Decided June 12, 2019

Before Judges O'Connor and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 17-010.

Michael A. Grasso, attorney for appellant.

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Paula C. Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Stephen D. Wood appeals his conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50, after a trial de novo in the Law Division that followed his conviction in municipal court.[1] We affirm.

The record reveals that on March 11, 2016, Patrolman Thomas DeNicola of the Roxbury Police Department was dispatched to investigate an automobile accident. While on the scene, DeNicola ascertained defendant had operated one of the cars involved in the accident, and noted defendant had slurred speech, bloodshot and watery eyes, and that his breath smelled of alcohol. After he refused to submit to a field sobriety test, defendant was arrested for DWI and taken to the Roxbury Township Police Department.

DeNicola attempted to use an Alcotest 7110 MKIII-C breath-testing device (device) at the police station to determine defendant's blood alcohol content (BAC), but the machine did not operate properly. DeNicola transported defendant to the Mount Arlington Police Department, where he successfully used Mount Arlington's device to ascertain defendant's BAC. The Alcohol Influence Report (AIR) generated by the device revealed defendant's BAC was 0.11%, which is above the legal limit prescribed by N.J.S.A. 39:4-50(a). Defendant was then charged with DWI and careless driving.

---

[1] Defendant was also convicted in municipal court of careless driving, N.J.S.A. 39:4-97, but did not challenge such conviction.

During the municipal court trial, DeNicola provided various details about the device used to test defendant at the Mount Arlington Police Department, and identified various documents, subsequently placed in evidence, that yielded additional information. These documents included the Calibration Record for the device, which revealed it had last been calibrated in January 2016. That record also indicates the device had been calibrated with an Alcotest 7110 black key temperature probe and a digital thermometer. The serial numbers for the temperature probe and the digital thermometer were provided in the Calibration Report.

Other documents showed the temperature probe referenced in the Calibration Report received a certificate of accuracy in October 2015; the certificate stated the probe was tested for accuracy with instrumentation traceable to NIST. The digital thermometer referenced in the Calibration Report received a certificate of calibration in August 2015; the certificate stated the thermometer was calibrated using instruments traceable to NIST. The State provided a certificate of accuracy for another temperature probe, but such probe was not mentioned in the Calibration Report. However, the latter probe was tested for accuracy with instrumentation traceable to NIST in August 2015.

3

It is not disputed the device used the software known as New Jersey Firmware version 3.11 (Firmware). The State provided to defendant during discovery the three core foundational documents, see State v. Chun, 194 N.J. 54, 154 (2008), as well as the twelve foundational documents, id. at 153. All of these documents were placed in evidence during the municipal court trial.

Defendant presented testimony from an expert who challenged the results of defendant's test, because the AIR did not include the serial number of the temperature probe used on the device at the time defendant was tested. The expert claimed the absence of such information on the AIR deprived defendant of knowing which of the two temperature probes was used on the device; thus, defendant was precluded from discovering whether the probe that was actually used was functioning properly when defendant's BAC was tested. The expert conceded the Firmware was not programmed to include such information on an AIR.

The municipal court judge concluded there was sufficient evidence to find defendant guilty of a per se DWI. On such charge, the judge sentenced defendant to a two-year driver's license suspension, thirty days of community service, one year of using an ignition interlock unit, forty-eight hours at the

4

Intoxicated Driver's Resource Center, and to pay the applicable fines, costs, and surcharges.

Defendant appealed his conviction for DWI to the Law Division for a trial de novo. Following that trial, the Law Division judge upheld the municipal court judge's determination in a written decision. Among other things, the Law Division judge observed there is no legal authority to support defendant's position that the State's failure to identify on the AIR the specific temperature probe used on the device to test defendant's BAC invalidates the results of such test.

On appeal, defendant raises the following argument for our consideration:

> POINT I: SINCE THE STATE CANNOT PROVIDE THE REQUISITE IDENTIFICATION PROOFS AS TO WHAT TEMPERATURE PROBE WAS USED DURING THE DEFENDANT'S BREATH TEST, THE RESULTS OF THE BREATH TEST ARE INADMISSIBLE IN THIS CASE.

After examining the record and applicable legal authority, we conclude defendant's contention is without sufficient merit to warrant discussion in a written opinion, see Rule 2:11-3(e)(2), and affirm defendant's conviction for DWI for substantially the same reasons expressed by the Law Division judge in his written decision.

5

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION